UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TAMMY SILVIS,** | : | Case No. 1: 15-cv-00295 |
| | : | |
| Plaintiff, | : | Judge Beckwith |
| | : | Magistrate Judge Litkovitz |
| v. | : | |
| | : | |
| **LOWES HOME CENTERS, LLC,** | : | **STIPULATED PROTECTIVE ORDER** |
| | : | **FOR THE PROTECTION OF** |
| Defendant. | : | **CONFIDENTIAL INFORMATION** |
| | : | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Tammy Silvis and Defendant Lowes Homes Centers, LLC, subject to approval by the Court, stipulate to the following Order relating to confidential business and other proprietary information. The parties recognize the preparation and trial of this action may require the discovery and use of confidential and/or proprietary information that is not publicly available, and the parties desire to litigate this action without jeopardizing the parties' interest and expectation in the privacy and confidentiality of their records.

Each party to this proceeding or any subsequent appeals and anyone else who may subscribe to this Stipulated Protective Order ("Order") agrees as follows:

**INFORMATION SUBJECT TO THIS ORDER**

1. For purposes of this Order, "Confidential Information" includes the parties' business records and other proprietary materials containing confidential business, personnel, medical, financial information or such other sensitive commercial or personal information that is not publicly available: (a) conveyed by or contained in a document produced during discovery or otherwise; (b) stated in answer to an interrogatory or request for admission; (c) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding; or (d)

1

disclosed pursuant to a voluntary agreement among counsel. Either party that produces information which it reasonably believes is Confidential Information may, at the time of production, designate such information as "Confidential" and the information so designated shall thereafter be subject to the provisions of this Order. In the case of documents, each page that is to be produced under this Order shall be separately marked "Confidential."

## PERSONS AUTHORIZED TO RECEIVE "CONFIDENTIAL" INFORMATION

2. Any information marked "Confidential" pursuant to Paragraph 1 of this Order shall not be disclosed to any person whatsoever other than the parties and their officers and relevant management employees, including in-house counsel, and their secretarial or clerical staffs; attorneys of record, their legal assistants, and their secretarial or clerical staffs; court reporters; the Court; deponents, witnesses and/or potential deponents and witnesses in this action, but only on an as needed basis; and expert witnesses, and their secretarial or clerical staffs, retained by either party, provided that such persons agree not to disclose or otherwise use such Confidential Information in any manner other than for the purpose of providing an expert opinion.

3. If a party, through inadvertence, produces any Confidential Information or documents without labeling or marking or otherwise designating it "Confidential" in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the document or thing produced is deemed "Confidential," and shall provide a copy of the document with the "Confidential" label. The receiving party must treat such documents and things as Confidential Information from the date such notice is received. Disclosure of information prior to the receipt of such notice shall not be deemed a violation of this Order.

## LIMITATIONS ON THE USE OF "CONFIDENTIAL" INFORMATION

4. Any information designated "Confidential" pursuant to Paragraph 1 of this Order shall be held in confidence by each person to whom it is disclosed, shall be used by the person who receives such Confidential Information only for the purposes of this proceeding or any appeal of this proceeding, and shall not be used by the recipient of the Confidential Information for any function other than this litigation.

5. In the event that any information or documents designated as "Confidential" as provided in Paragraph 1 of this Order are used in depositions, the reporter shall be instructed either (1) by a statement on the record by counsel at the time of the deposition, or (2) by written notice to all counsel within thirty business days after the receipt of the transcript that the portions of the depositions relating to the Confidential Information, as well as any "Confidential" documents which are made exhibits, shall be retained under seal. If the deposition is to be filed in connection with this proceeding or any subsequent appeal, the deposition shall be filed pursuant to this Order as set forth in Paragraphs 6-7, and copies of such materials shall be given only to counsel of record. Only those persons afforded access under Paragraph 2 may be present at any examination concerning Confidential Information.

6. This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter& Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 79.3.

7. The provisions of this Protective Order shall not affect, and this Protective Order does not limit, the use or admissibility of Confidential Information as evidence at trial, or during

a hearing or similar proceeding in this action or as part of the record on appeal, provided that either party may seek an appropriate Court Order to protect Confidential Information.

## FINAL TERMINATION OF PROCEEDING

8. Within thirty days of the final termination of this proceeding, including all subsequent appeals, any party seeking return of Confidential Information produced in this litigation shall make a written request of the other party for the return of documents identified by Bates number. Within thirty days of the receipt of that request, the party to whom the request is directed shall return the requested documents, or alternatively shall certify to the party that produced the Confidential Information and later requested the return of the documents, that the receiving party has destroyed the requested Confidential Information and all copies of the Confidential Information. This provision, however, does not apply to briefs, pleadings or other litigation materials which have incorporated portions of the "Confidential" material.

Unless a court orders otherwise, the parties shall continue after final termination of this proceeding to keep confidential the information and documents exchanged pursuant to this Order which were identified as "Confidential."

## OTHER PROVISIONS

9. This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any particular document or information, including restrictions differing from those as specified herein, and this Order shall not be deemed to prejudice either party in any way in any future application for modification of this Order.

10. In the event that any party seeks discovery from a third party which is alleged by the third party to be confidential, the third party may designate such information as

4

"Confidential" and the parties agree that such third party information will be received and maintained by them under the provisions of this Order.

11. The parties may agree in writing to withdraw the designation of "Confidential."

12. If a party notifies the opposing party in writing that it disputes the confidentiality designation of a document, the party challenging the designation of the document as "Confidential" shall bear the burden of going forward to move the Court to resolve the issue after the parties have attempted to resolve their dispute in good faith. The burden of proof regarding the confidentiality of the document, however, shall remain with the producing party. The document in question will remain subject to the confidentiality provisions of this Order until the Court rules on the designation of the document.

13. This Order has no effect upon, and shall not apply to the parties' own use of the information and documents that that party produced under the protections of this Order.

14. In the event additional parties join or are joined in this action, they shall not have access to material marked "Confidential" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

15. This Order shall not apply to information in the public domain or obtained from other sources not in violation of this Order regardless of whether or not such information is also contained in discovery materials designated as "Confidential" in this case.

16. In the event that either party to this Order inadvertently discloses documents or other material protected by the attorney-client privilege or the attorney work product doctrine, regardless of whether the documents or other material are produced pursuant to this Order, the party receiving such documents or material shall immediately return the documents or material upon request and shall not retain any copies or use the documents or material in any way. Any inadvertent production of materials that a party believes is immune from discovery pursuant to

an attorney/client or work product privilege shall not be deemed a waiver of that privilege. However, the return of the documents(s) and/or information to the producing party shall not preclude the receiving party from later moving to the Court to compel production of the returned documents or information.

      17.    The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this Order.

      18.    The United States District Court for the Southern District of Ohio retains jurisdiction to alter or amend this Order by further order of the Court upon a showing of good cause. Upon approval by the Court, this Stipulated Protective Order shall be effective as the Order of the Court. Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of Confidential Information. The Court shall retain Jurisdiction over this Order, until after the final resolution, including appeals, of this litigation and until 30 days after the provisions for return of documents, set forth in Paragraph 8 have expired.

SO ORDERED.

Dated: 8/26/15

_____
Karen L. Litkovitz
United States Magistrate Judge

STIPULATED:

/s/ Sharon J. Sobers
Peter A. Saba (0055535)
Sharon J. Sobers (0030428)
Joshua M. Smith (0092360)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Ave.
Cincinnati, OH 45208
(513) 533-2723
(513) 273-2733 – fax
sjs@sspfirm.com
**Attorneys for Plaintiff**

/s/ Douglas B. Schnee (via email auth. 8/24/2015)
Douglas B. Schnee (0063643)
MCDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114
(216) 348-5400
(216) 348-5474 – fax
dschnee@mcdonaldhopkins.com
**Attorney for Defendant**